IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

    Respondent,

v.                                                  CRIMINAL NO. 3:02-00199
                                                    (CIVIL ACTION NO. 3:04-0123)

JAMES MICHAEL FELCAN,

    Movant.

**FINDINGS AND RECOMMENDATION**

In November of 2002, following consummation of a plea agreement, James M. Felcan entered a plea of guilty to a single count indictment in which he was charged with being a felon in possession of a firearm. On February 24, 2003, Felcan was sentenced by the court to a term of imprisonment of 180 months[1] to be followed by five years supervised release. Felcan did not appeal his conviction. Thereafter, he filed a motion under the provisions of 28 U.S.C. § 2255 in which he asserts that counsel failed to appeal his conviction and that the court erred in sentencing him as an armed career criminal. The United States has filed a response to the motion, movant has filed a reply and the matter is ready for decision.

In the memorandum submitted in support of his motion, Felcan asserts that his attorney failed to file a notice of appeal "[w]hen Petitioner instructed counsel to do so, before sentencing." In an

---

[1] Felcan was subject to an enhanced sentence under the provisions of a 18 U.S.C. § 924(e) and was sentenced as an armed career criminal based on at least three prior convictions for violent felony offenses.

affidavit attached to the motion, however, Felcan does not state that he asked counsel to appeal his conviction, only that his attorney advised him "not to appeal his sentence and conviction." He also indicates that it has "recently ... come to [his] attention that he does have viable claims for collateral post conviction relief." In an affidavit attached to the response of the United States, Felcan's attorney states that "Mr. Felcan did not instruct me to file any appeal of his sentence." Counsel also states that he discussed the possibility of an appeal with movant both before and after sentencing, that he advised movant that he perceived no meritorious issues to appeal and that a cross-appeal by the United States was possible based on the judge's decision to downwardly depart from the minimum guideline sentenced of 188 months to the statutory minimum sentence of 180 months, a downward departure which had been objected to by the United States. Attached to counsel's affidavit was a March 3, 2003 letter to movant from counsel reciting, inter alia, that "[a]s we discussed following your sentencing hearing, I do not see that there are any meritorious issues which you could appeal" and advising movant that he would "not be filing any notice of appeal on your behalf."

The court, of course, recognizes that an attorney's failure to file an appeal "after being instructed by his client to do so is per se ineffective." United States v. Witherspoon, 231 F.3d 923, 926 (4th Cir. 2000), and that when, as here, conflicting factual versions[2] with respect to a legally sufficient claim are presented, an evidentiary hearing is ordinarily required. It is also true, however, that when "the allegations in a habeas petition are palably incredible, the petition properly may be dismissed without affording any evidentiary hearing." Gaskins v. McKellar, 916 F.2d 941, 946 (4th

---

[2]As noted, however, while counsel's affidavit clearly indicates that he was not asked or instructed to appeal, movant's affidavit does not explicitly state that he instructed counsel to appeal his conviction.

Cir. 1990). As the court explained in Ellis v. Picklesimer, 135 F.Supp.2d 717, 720 (M.D. N.C. 2000), "when a petitioner has made a claim which is incredible on its face or incredible in the context of the record before the Court, then an evidentiary hearing will not be required." This case involved not only a downward departure but also evidence that movant possessed a firearm after having been convicted of a felony offense and fired the gun causing injury to another. At sentencing movant was informed of his right to appeal by the court and by counsel. He was advised by the court that if he wanted to appeal he had ten days following entry of judgment within which to file a written notice of appeal with the clerk of the court, and that, if financially unable to hire a lawyer, counsel would be appointed to represent him on appeal. He was advised by counsel following sentencing that he had no meritorious grounds for appeal, that the United States might cross appeal the downward departure and that counsel would not be filing any notice of appeal on his behalf. Though this letter was mailed long before the expiration of the time for filing a notice of appeal had expired,[3] movant waited almost a year before asserting his claim of failure to appeal. Under such circumstances, his claim that counsel failed to appeal his conviction as requested is clearly "'palpably incredible,'" Blackledge v. Allison, 431 U.S. 63, 76 (1977), and provides no basis for relief.

Movant's claim that the court "erred in finding that [he] was an armed career criminal," was not only procedurally defaulted but is also without merit. Unquestionably the four prior felony convictions set forth in the presentence report had "as an element the use, attempted use, or threatened use of physical force against the person of another," 18 U.S.C. § 924(e)(2)(B), and the

---

[3]Movant had until February 12, 2003 to file a notice of appeal. He remained incarcerated at the local regional jail until April 3, 2003.

cases cited by movant, relating to the relevant time frame to be applied in determining the nature of state court convictions, provides no basis for questioning his sentence as an armed career criminal.

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this § 2255 proceeding be denied. Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing, § 2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. § 636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED:     September 18, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE